**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | **CRIMINAL NO.   4:23-CR-00422-DC** |
| **VICTOR ALFONSO MAGANA-** § | |
| **AHUMADA** § | |
| § | |
| Defendant. § | |

## GOVERNMENT'S MOTION FOR STAY AND MOTION FOR REVOCATION OF ORDER OF RELEASE ON BOND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID COUNTS:

The United States of America by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, files this Motion for Stay and Motion for Revocation of Order of Release on Bond pursuant to Title 18, United States Code, Section 3145.

### I.   PROCEDURAL BACKGROUND

Defendant Victor Alfonso Magana-Ahumada was arrested and charged in a single-count indictment with violating Title 18 U.S.C. Section 554, illegal smuggling of goods from the United States. Defendant faces up to ten years imprisonment upon conviction. On October 26, 2023, after the filing of the Government's Motion to Detain and after a detention hearing, Defendant was granted bond. The Government now files this Motion for Stay, asking that this Honorable Court review the matter and ultimately revoke the order of release.

1

## II. DETENTION HEARING

<u>Agent Testimony and Facts from Affidavit of Criminal Complaint</u>

At the October 26, 2023, detention hearing, the Government called HSI Special Agent Mark Fernandez to testify. SA Fernandez explained the details of the investigation and noted how law enforcement learned about Defendant's involvement in firearms trafficking. Specifically, SA Fernandez stated on May 25, 2023, agents intercepted a vehicle pulling a trailer with cargo traveling from the United States into Mexico. Upon further investigation, agents discovered seven firearms and magazines hidden in the cargo. The firearms and magazines were wrapped in three layers of wrapping: aluminum foil wrapping tape, brown packing tape, and black carbon paper. Agents noted the firearms and magazines were not listed in the shipping manifest provided by the driver of the cargo. Agents know from their training and experience smugglers often attempt to conceal contraband in cargo to avoid detection through X-ray or other investigatory means. The shipping manifest showed the cargo was destined for Escarcega, Mexico. The sender of the packages listed his name as "Tomas" on the manifest and provided a phone number ending in 2263. Defendant was not the driver of the vehicle. The driver of the vehicle was not arrested.

Testimony from SA Fernandez and information from the sworn affidavit of the criminal complaint show the wrappings were extracted and submitted to an HSI forensics lab for patent fingerprint testing. The results showed thirty-six latent fingerprints that matched Victor Magana-Ahumada (Defendant). Agents reviewed Defendant's social media accounts which showed Defendant was from Division Del Norte, Campeche, Mexico. Agents noted Division Del Norte was approximately nine miles from the cargo's intended destination.

Agents reviewed purchase records on the seven firearms to identify potential owners of the

firearms. One record showed Defendant was the purchaser of at least two of the firearms.

Defendant was subsequently arrested and interviewed. After *Miranda* rights advisement and wavier, Defendant admitted he purchased the firearms. He admitted he was sending the firearms to himself in Mexico. He admitted he had a house in Mexico. Defendant stated he knew it was illegal to send firearms to Mexico, and he used a fake name so that he would not get in trouble. He stated he learned how to wrap the firearms through online videos. The phone number ending in 2263 was not his current phone number; rather, it was a phone number he previously used. Defendant's nephew Alfredo Rios lives in Iowa. Rios also buys and sends guns to Mexico. Rios helped Defendant wrap the firearms at issue. Although the seven firearms at issue did not reach their destination because they were seized by law enforcement at the port of entry, Defendant admitted he had purchased and successfully sent two firearms to Mexico on a previous occasion. He admitted to agents that those two firearms were still at his house in Mexico.

SA Fernandez stated Defendant has multiple long-term trips to Mexico. Crossing records show Defendant spends five months at time in Mexico per year, with travel to Mexico starting in November and December and travel back to the United States five months later.

Defendant's Cross Examination and Proffer

Defendant, through his attorney, provided the following information via Proffer and cross examination. The firearms at issue did not make it to their destination in Mexico. Defendant has many family members in Iowa, specifically his wife, two sisters, a child, nephews, cousins, and uncles. Alfredo Rios is currently charged with state firearms charges in Iowa. SA Fernandez stated the Iowa case is not related to the instant case. Defendant is a CDL driver and travels for work in Iowa. He has been a naturalized United States citizen since 2009. Defendant has no criminal

3

history. He travels to Mexico for work seasonally when it starts to get cold in Iowa. He has family in Mexico, but he also has family in the United States. He is the sole provider for his family. He rents the home he lives in Iowa, and he lives there with multiple family members.

Pretrial Services Report

The pretrial services report indicates Defendant was born in Champoton, Campeche, Mexico in 1986. He arrived in the United States in 1999 and became a naturalized United States citizen in 2009. His father is a naturalized United States citizen, and his mother is a Lawful Permanent Resident, however, both his parents live in Mexico. Defendant has four siblings. Three of his siblings live in the United States and one lives in Campeche, Mexico. Defendant has weekly contact with his parents and daily to yearly contact with his siblings. Even after becoming a naturalized United States citizen in 2009, Defendant moved back to Mexico from 2013 – 2014, and he lived with his parents. Defendant stated he does not own any firearms, and none are kept or stored at his current residence (Iowa). He is married to a Lawful Permanent Resident, and they have one child, a United States citizen. Defendant stated he last traveled to Mexico in November 2022, and his parents, uncles, and cousins live in Mexico.

Defendant's sister verified his information; however, she stated Defendant has stayed in Mexico for up to one month visiting his parents. She stated he last visited Mexico at the beginning of this year (2023).

Defendant currently has a balance of $35,000 in his checking account and a 2015 truck valued at $14,000. He stated he does not have any monthly obligations other than contributing $400 monthly to his sister for bills and expenses.

III.   ARGUMENT FOR DETENTION

Defendant is facing up to ten years imprisonment. Pursuant to 18 U.S.C. §3142(g), there are a number of factors to be considered by the Court when determining whether there are conditions or a combination of conditions that would reasonably assure the appearance of the person and reasonably assure the safety of any other person and the community. The Government submits the evidence weighs in favor of detention, and Defendant is a flight risk.

Defendant's access to considerable assets is concerning to the Government. He currently has $35,000 in his checking account with no stated monthly obligations. He also has a truck valued at $14,000. Defendant's easy access to these funds would make it easy for him to flee the country. Although he is a naturalized United States citizen, he still has strong ties to Mexico. He was born in Mexico. He spent time in Mexico as a child. He moved back to Mexico for a period of time after he became a naturalized United States citizen. His parents live in Mexico. He has a sibling, uncles, and cousins that live in Mexico. He has a house in Mexico, and he frequently travels to Mexico—often spending five months at a time there. Defendant's sister corroborated his information with pretrial services, however, she stated she only knows him to go to Mexico one month at a time.

Defendant failed to mention to pretrial services that he has a house in Mexico. Moreover, Defendant reported owning no firearms. The evidence presented shows Defendant has purchased multiple firearms and he keeps at least two of those firearms at his home in Mexico.

Defendant provided a false name and an old contact number on the cargo manifest, and he stated he did so to avoid getting in trouble. Moreover, regarding his claim of strong ties to his family in the United States, Defendant admitted his cousin in Iowa buys and sends firearms to Mexico as well. Indeed, his cousin in Iowa helped him wrap the firearms in the instant case, and

5

his cousin is facing similar charges in Iowa.

The evidence is clear that Defendant has strong ties to Mexico. He faces a significant term of imprisonment upon conviction. Defendant's assets, along with his strong ties to a foreign country, make him a flight risk. The Government hereby files this motion for stay and motion to appeal the order of release and asks this Honorable Court to detain Defendant pending trial.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully seeks a stay on the magistrate's order of release and seeks a revocation of the order of release on bond in this cause and seeks detention without bond pending the outcome of this case.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By: *Amy L. Greenbaum*
AMY L. GREENBAUM
Assistant United States Attorney
Texas State Bar No. 24095542
2500 N. Highway 118, Suite A-200
Alpine, Texas 79830
TEL (432) 538-6100,  FAX (435) 837-7449
Email: Amy.Greenbaum@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that on October 26, 2023, a copy of the foregoing was served on the attorney of record in this case electronically via the CM/ECF system for the United States District Clerk for the Western District of Texas.

      /s/ *Amy L. Greenbaum*
AMY L. GREENBAUM
Assistant United States Attorney